IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CAMERON MCDONALD, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 6:16-CV-307-RP |
| FINALY RESOURCES, LLC, | | |
| Defendant. | | |

## ORDER

Before the Court is Defendant Finaly Resources, LLC's Motion for Summary Judgment. (Dkt. 21). Plaintiff Cameron McDonald initially filed this case in Robertson County District Court on July 7, 2016, alleging that Defendant Finaly Resources negligently operated the oil well where he was working, causing the well to explode and causing him severe bodily injury. Defendant removed the case to this Court on August 1, 2016. The case was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. On March 23, 2017, Defendant filed a motion for summary judgment, arguing that, as a property owner, it could not be held liable for the personal injury of a contractor or subcontractor's employee under Chapter 95 of the Texas Civil Practice and Remedies Code. In the alternative, Defendant argued that it could not be held liable under Texas common law. Pursuant to Local Rule CV-7(e)(2), Plaintiff's response was due April 6, 2017. No response was filed.

On May 12, 2017, Magistrate Judge Manske filed a Report and Recommendation, (Dkt. 23), recommending that this Court grant Defendant's motion. Judge Manske concluded that under either Chapter 95 or the Texas common law, in order for Defendant to be liable, Plaintiff must demonstrate that Defendant exercised control over Plaintiff's work. After reviewing the evidence,

1

including Plaintiff's answer to one of Defendant's requests for admission in which he admits that "J Bar Services," the contractor hired by Finaly Resources, "controlled the details of [Plaintiff's] work," (Mot. Summ. J., Dkt. 21-1, Ex. 3 at 3), and Plaintiff's deposition testimony, (*Id.*, Ex. 4 at 33-34), Judge Manske concluded that the undisputed evidence demonstrated that Defendant did not control Plaintiff's work. The Report and Recommendation informed the parties that they had fourteen days to file objections to the proposed findings and legal conclusions.

On May 26, 2017, Plaintiff filed a document entitled "Objections to Report." (Dkt. 24). The filing notes that the deadline for filing dispositive motions in the case is October 2, 2017, and that Defendant's motion was well in advance of both the dispositive motions and discovery deadlines. Plaintiff states that he has not completed discovery and requests that the Court provide an additional sixty days to conduct additional discovery. Specifically, he states that has recently served requests for production and has requested deposition dates for Defendant's representation. Plaintiff's objections contain no argument regarding the factual or legal conclusions in Judge Manske's Report and Recommendation, nor do they address or explain why Plaintiff did not respond to Defendant's motion within the fourteen-day deadline provided by the local rules.

Defendant soon afterward filed a response to Plaintiff's objections, arguing that new arguments and evidence could not be raised in an objection to a Magistrate Judge's Report and Recommendation and that Plaintiff has not filed "specific written objections" to the Magistrate Judge's Report and Recommendations, as required by Federal Rule of Civil Procedure 72(b).

Because Plaintiff requests that the Court wait sixty days before it rules on Defendant's motion, the Court will treat Plaintiff's "Objections" as a motion for extension of time to file an objection. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Pursuant to Federal Rule of Civil Procedure 6, the Court may extend time "for good cause" when the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Here, Plaintiff filed the

"Objections," which included the request for an additional sixty days to complete discovery, on the same day his objections were due, thus the Court may extend the deadline so long as it finds that the request is made "for good cause."

Unfortunately, the Court finds that Plaintiff has no good cause in seeking an extension of time to object to the Magistrate Judge's Report and Recommendation. As the Court previously noted, Plaintiff failed to timely respond to Defendant's motion for summary judgment. Since doing so, Plaintiff has offered no excuse for that failure. Even if Plaintiff did not feel he could adequately respond to the motion within the time provided by the local rules because discovery was not yet completed, he could have filed a motion to extend the response deadline until after the discovery deadline in the case or requested that the Court defer consideration of the motion. *See* Fed. R. Civ. P. 56(d). He did not. Judge Manske properly considered Defendant's motion several weeks after it was filed. By asking the Court for time to seek additional discovery and respond to Defendant's motion afterward, Plaintiff essentially asks this Court to render the time Judge Manske spent considering the motion wasted.

Further, even if the Court were to allow the late filing of an objection in this case, it appears likely that it would be futile. First, it is difficult to imagine that, where Plaintiff's deposition and admissions strongly support a factual finding that Plaintiff was not under Defendant's control at the time of the explosion, that the evidence Plaintiff seeks from Defendants would contradict that fiding. Second, even if it did, it is unclear that it would be appropriate for the Court to consider such evidence where it was not presented to the magistrate judge. As the Fifth Circuit has explained, this Court has discretion in deciding whether to accept new evidence not presented before a magistrate judge. *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). It also explained, however, that like in situations where the district court is reconsidering its own findings, "[t]hat discretion . . . is not limitless." *Id.* at 852 (*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 174 (5th Cir. 1990)).

3

> In any case in which a party seeks to upset a summary judgment on the basis of evidence she failed to introduce on time, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts. The task of the district court in such a case is to strike the proper balance between these competing interests. In order to do this, the court should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

*Id.* at 852–53 (*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 174 (5th Cir. 1990)). Applying that standard to what the Court presently knows of the situation, it would be unlikely that the Court would exercise its discretion to consider newly submitted evidence. Accordingly, the Court **ORDERS** that Plaintiff's Motion for Extension of Time to File Objections to the Magistrate Judge's Report and Recommendation (Dkt. 24) be **DENIED**.

Further, having fully reviewed the Magistrate Judge's Report and Recommendations, the relevant case law, and the record in this case, the Court finds that it should be adopted for the reasons stated therein. The Court therefore **ORDERS** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 23) is **APPROVED AND ACCEPTED**.

Accordingly, the Court **ORDERS** that Defendant's Motion for Summary Judgment (Dkt. 21) be **GRANTED**. Plaintiff Cameron McDonald's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** on June 29, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE